**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-20082 |
| MICHAEL T. BOGAN, ) | Chapter 7 |
| ) | Hon. Donald R. Cassling |
| Debtor. ) | |
| ) | |

**NOTICE OF MOTION**

TO:  **SEE ATTACHED SERVICE LIST.**

Please take notice that on September 3, 2019 at 9:30 a.m., I shall appear before the Honorable Judge Donald R. Cassling, Courtroom 619, located at Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present *Dakota Financial, LLC's Motion for an Order Authorizing the Examination and Production of Documents Pursuant to Bankruptcy Rule of Procedure 2004,* a copy of which is attached hereto and served upon you.

DAKOTA FINANCIAL, LLC

By:  /s/ C. Randall Woolley
C. Randall Woolley (ARDC # 06280067)
ASKOUNIS & DARCY, P.C.
444 North Michigan Ave, Suite 3270
Chicago, Illinois 60611
(312) 784-2400 Telephone
(312) 784-2410 Fax
rwoolley@askounisdarcy.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-20082 |
| MICHAEL T. BOGAN, ) | Chapter 7 |
| ) | Hon. Donald R. Cassling |
| Debtor. ) | |
| ) | |

**MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION**
**AND PRODUCTION OF DOCUMENTS PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

NOW COMES creditor Dakota Financial, LLC ("Dakota"), by and through counsel, and for its Motion for an Order Authorizing the Examination and Production of Documents (the "Motion") of the Debtor Michael T. Bogan (the "Debtor") pursuant to Federal Rule of Bankruptcy Procedure 2004, states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  On July 17, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

3.  Phillip D. Levey, 2722 North Racine Avenue, Chicago, IL 60614 has been appointed Chapter 7 Trustee in this case.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as the relief requested by this motion constitutes a proceeding arising under and related to the Debtor's Chapter 7 bankruptcy proceeding which is currently pending before this court.

**BACKGROUND**

5. On November 16, 2016, Dakota, as lessor, and non-party MPB Limousine, Inc. ("MPB"), as lessee, entered into Equipment Lease Agreement No. 7557 (the "Lease"), wherein Dakota leased certain equipment to MPB, to wit: one (1) 2010 LZ Motor Coach, Vin No. LA9CAED2ANJXK004 (the "Leased Vehicle"). See Lease attached hereto as Exhibit 1.

6. MPB executed a Delivery and Acceptance Certificate, certifying that the Leased Vehicle was delivered and accepted in good condition and satisfactory for all purposes. See Delivery and Acceptance Certificate attached as Exhibit 2.

7. Dakota is the owner of the Leased Vehicle, as evidenced by the Certificate of Title for the Vehicle identifying Dakota as owner and first lienholder. See Certificate of Title for the Vehicle attached hereto as Exhibit 3.

8. To induce Dakota to enter into the Lease, the Debtor personally guaranteed the obligations of MPB (the "Guaranty"). See Guaranty of the Debtor attached hereto as Exhibit 4.

9. As additional security for the Lease, MPB and the Debtor also granted Dakota a first priority security interest in additional collateral: One (1) 2007 GMC C5500 Bus, Vin No. 1GDE5V1297F412375, and One (1) 2007 Cadillac Escalade Limousine, Vin No. 1GYEC63867R255415 (the "Additional Collateral"). Because MPB and the Debtor are both listed as owners on the certificates of title for the Additional Collateral, both MPB and the Debtor executed security agreements granting Dakota a security interest in the Additional Collateral (the "Security Agreements"). See Security Agreement in Support of Lease Obligations and Security Agreement in Support of Guaranty collectively attached hereto as Group Exhibit 5.

10. Dakota properly perfected its security interest in the Additional Collateral. The Certificates of Title for the Additional Collateral reflecting Dakota's first priority security interest

are attached hereto as Group Exhibit 6.

11. MPB defaulted on the Lease by failing to make the payment due December 15, 2017, and all payments due thereafter.

12. The Debtor has failed and refused to make payments due and owing under the Guaranty of the Lease.

13. On February 1, 2019, Dakota filed suit against MPB and the Debtor for breach of contract, breach of guaranty and replevin in the United States District Court for the Northern District of Illinois, as Case No. 19-00685.

14. On March 26, 2019, Dakota obtained default judgment against MPB and the Debtor, jointly and severally, in the amount of $126,817.03.

15. Dakota has a first priority security interest in the collateral: One (1) 2010 LZ Motor Coach, Vin No. LA9CAED2ANJXK004; One (1) 2007 GMC C5500 Bus, Vin No. 1GDE5V1297F412375, and One (1) 2007 Cadillac Escalade Limousine, Vin No. 1GYEC63867R255415 (the Leased Vehicle and Additional Collateral are collectively defined as õVehiclesö).

16. Dakota estimates the value of the Vehicles at $109,000.00, depending on condition and market.

17. The current location of the Vehicles is unknown.

18. Upon information and belief, the Debtor is no longer in possession and control of the Vehicles.

## ARGUMENT

19. Prior to the bankruptcy filing, the Debtor was unable to provide the location of the Vehicles to Dakota despite request.

20. Dakota seeks to conduct a Rule 2004 examination of the Debtor. Dakota seeks information regarding the location and potential sale, transfer or other disposition of the Vehicles.

21. Dakota further seeks leave to conduct discovery of third parties that may have possession and control of the Vehicles.

22. Rule 2004 of the Federal Rules of Bankruptcy Procedure permits the examination of a debtor to discover "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a) (West 2019).

23. Here, a Rule 2004 examination of the Debtor is necessary for Dakota to uncover details regarding the status of its Vehicles and the secured amount of its claim.

24. Further, a Rule 2004 examination of the Debtor may uncover further avenues for recovery to the benefit of all creditors, including Dakota.

WHEREFORE, Dakota Financial, LLC respectfully requests that the Court grant an Order authorizing the examination and production of documents by the Debtor Michael T. Bogan and third parties with information concerning the Vehicles pursuant to Bankruptcy Rule 2004, and for any additional and further relief as the Court deems just and proper.

Dated: August 22, 2019

Respectfully submitted,

Dakota Financial, LLC

By: /s/ C. Randall Woolley
C. Randall Woolley (ARDC # 06280067)
ASKOUNIS & DARCY, P.C.
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611
(312) 784-2400 Telephone
(312) 784-2410 Fax
rwoolley@askounisdarcy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, I electronically filed Dakota Financial, LLC's *Motion for an Order Authorizing the Examination and Production of Documents Pursuant to Bankruptcy Rule of Procedure 2004* with the Clerk of Court using the CM/ECF system, which will send notification to the following:

- **David M Siegel**           davidsiegelbk@gmail.com
- **Patrick S Layng**          USTPRegion11.ES.ECF@usdoj.gov
- **Phillip D Levey, ESQ**     levey47@hotmail.com

and I hereby certify that on August 22, 2019, I caused a correct copy of *Motion for an Order Authorizing the Examination and Production of Documents Pursuant to Bankruptcy Rule of Procedure 2004* to be mailed by United States Postal Service, postage prepaid, to the following non-CM/ECF participants:

Michael T Bogan
18157 Idlewild Dr.
Country Club Hills, IL 60478

                                        s/C. Randall Woolley_____